**Claudio Armando LOPEZ–ESCOBAR, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70323.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 16, 2004.

Claudio Armando Lopez–Escobar, Thousand Oaks, CA, pro se.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, James E. Grimes, Esq., Mary Jane Candaux, Esq., Washington, DC, for Respondent.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE and TROTT, Circuit Judges.

## MEMORANDUM **

Claudio Armando Lopez–Escobar, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal and for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility determination, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition.

Substantial evidence supports the IJ's adverse credibility finding. The IJ offered specific, cogent reasons for his findings based on inconsistencies between petitioner's testimony and application going to the heart of his asylum claim, including regarding the encounters with the guerrillas. *See id.* at 1043. Because petitioner failed to show that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003). In addition, substantial evidence also supports the denial of relief under CAT. *See id.* at 1157.

The contention that the BIA's decision violates due process is foreclosed by our decision in *Falcon Carriche v. Ashcroft*,

---

350 F.3d 845, 850–851 (9th Cir.2003) (holding that the BIA's streamlining procedure does not violate an alien's due process rights).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon the issuance of the mandate.

## PETITION DENIED.